IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS EDDINS,       )<br>    ID # 39806-177,   )<br>        Movant,    )<br>                      )<br>vs.                   )<br>                      )<br>UNITED STATES OF AMERICA,  )<br>        Respondent.   ) | <br><br><br>No. 3:16-CV-1910-L-BH<br>No. 3:10-CR-105-L(1)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 30, 2016 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

## I.   BACKGROUND

Thomas Eddins (Movant) challenges his federal conviction and sentence in Cause No. 3:10-CR-105-L(1). The respondent is the United States of America (Government).

### A.   Conviction and Sentencing

On April 20, 2010, Movant was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One). (*See* doc. 1.)[2] He pleaded guilty to Count One on July 20, 2010, and signed a factual resume in support of his guilty plea. (*See* docs. 16, 25-26.) The factual resume set forth the elements of Count One, the maximum and minimum penalties, and the stipulated facts establishing that Movant committed the offense. (*See* doc. 16.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:10-CR-105-L(1).

On September 13, 2010, the United States Probation Office (USPO) prepared a Presentence Report (PSR) in which it applied the 2009 United States Sentencing Guidelines Manual. (*See* doc. 29-1 at ¶ 23.) The PSR classified Movant as an armed career criminal subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony committed on occasions different from one another: (1) burglary of a building, Case No. F-8576138, in Dallas County, Texas; (2) burglary of a habitation, Case No. F-8671091, in Dallas County, Texas; and (3) burglary of a habitation, Case No. F-9357060, in Dallas County, Texas. (*See id.* at ¶¶ 32, 43, 45, 48.) His offense level as an armed career criminal who used or possessed a firearm in connection with a controlled substance offense was calculated at 34. (*See id.* at ¶ 32.) Two levels were deducted for acceptance of responsibility, resulting in a total offense level of 32. (*See id.* at ¶¶ 33-34.) Based on a criminal history category of VI and an offense level of 32, the guideline range of imprisonment was 210-262 months. (*See id.* at ¶ 100.) After objections to the PSR and a sentencing hearing on November 1, 2010, the USPO modified the PSR and applied the 2010 United States Sentencing Guidelines Manual. (*See* doc. 39-1; doc. 42-1 at ¶ 23.) Again applying the armed career criminal enhancement, the PSR calculated Movant's offense level at 34. (*See* doc. 42-1 at ¶ 32.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (*See id.* at ¶¶ 33-34.) Based on the new total offense level, the range of imprisonment became 188-235 months. (*See* doc. 50 at 19.)

By judgment dated November 17, 2010, Movant was sentenced to 180 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 44 at 1-3.) His sentence of imprisonment was to run concurrently with any sentence imposed by the 363rd Judicial District Court of Dallas County, Texas, in Case Nos. F-0912106, F-0912107, and F-0912588, and

2

consecutively to any sentence imposed in three pending state parole revocations. (*See id.* at 2.) On November 21, 2011, the judgment was affirmed by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). *See United States v. Eddins*, 451 F. App'x 395 (5th Cir. 2011). Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.  Substantive Claim**

Movant states the following ground for relief: "My constitutional rights were violated." (No. 3:16-CV-1910-L-BH, doc. 2 at 5.) The Government filed a response on August 31, 2016. (*See id.*, doc. 5.) After two stays and administrative closures pending decisions from the Fifth Circuit and the Supreme Court which could affect Movant's claim, the Government filed a second response on April 7, 2020. (*See id.*, docs. 8, 19, 24.) Movant filed a reply on September 1, 2020. (*See* doc. 29.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that a "collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *See Willis*, 273 F.3d at 597.

### III. TIMELINESS

In its second response, the Government contends that Movant's claim is barred by the statute of limitations. (*See* No. 3:16-CV-1910-L-BH, doc. 24 at 5, 7-8.)

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on Sunday, February 19, 2012, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches

when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Because his conviction became final on a Sunday, and the following Monday was a federal legal holiday, he would have had until the next business day, Tuesday, February 21, 2012, to timely file a certiorari petition. *See* Sup. Ct. R. 30.1. He does not allege that government action prevented him from filing a § 2255 petition earlier. *See* 28 U.S.C. § 2255(f)(2).

Regarding § 2255(f)(3), Movant appears to rely on *Johnson v. United States*, 576 U.S. 591 (2015), to argue that his 2016 claim is timely because *Johnson* "just now became a new rule of law." (No. 3:16-CV-1910-L, doc. 2 at 12.) In *Johnson*, the Supreme Court held that the imposition of an increased sentence under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines a prior violent felony conviction to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *See Johnson*, 576 U.S. at 606. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The Fifth Circuit has recognized that the "threshold question to determine the timeliness of [the movant's] motion is whether he asserted a *Johnson* claim, i.e., whether he claimed that he was sentenced under the ACCA's residual clause." *United States v. Craven*, 755 F. App'x 388, 390 (5th Cir. 2018) (per curiam). It has not, however, decided "whether to timely file an initial § 2255 motion the movant need only assert a *Johnson* claim or whether he must also demonstrate that the sentencing court relied on the residual clause," or, "if the movant must make such a showing—what standard should be used to determine whether the court relied on the residual clause for *Johnson* purposes." *Id.*

Here, Movant argues that his "prior Texas state Burglery [sic] and Texas state possession of a firearm quialified [sic] as violent felonys [sic] under the residual clause. The Supreme Court has found the residual clause unconstitutional therefore my sentence should not have been enhanced." (No. 3:16-CV-1910-L-BH, doc. 2 at 6.) He received an ACCA sentence enhancement based on his three prior Texas burglary convictions. (*See* doc. 29-1 at ¶ 32; doc. 42-1 at ¶ 32); *see also* U.S.S.G. § 4B1.4, cmt. n.1 (applying guideline in cases where the defendant is "subject to an enhanced sentence under 18 U.S.C. § 924(e)."). Because Movant has alleged that he was convicted under the residual clause of the ACCA, he received an ACCA sentence enhancement, and the Fifth Circuit has not decided the requisite showing he must make to timely file an initial § 2255 motion under *Johnson*, the Court assumes for purposes of this motion only, but without deciding, that his § 2255 motion is timely under § 2255(f)(3), since it was filed within one year of the Supreme Court's decision making *Johnson* retroactive on collateral review.

## IV.    *JOHNSON* CLAIM

In his only ground for relief, Movant claims that his ACCA sentence enhancement was based on his "prior criminal history convictions of Texas state Burgerly [sic] of a Building, and Texas state possession of a firearm[.]" (No. 3:16-CV-1910-L, doc. 2 at 5.) He contends that the convictions should not have been used to enhance his sentence because they "quialified [sic] as violent felonys [sic] under the residual clause," and the "Supreme Court has found the residual clause unconstitutional." (*Id.*, doc. 2 at 6; *see also id.*, doc. 2 at 2.)

Movant's ACCA sentence enhancement was based on three Texas convictions for burglary: (1) burglary of a building in 1985; (2) burglary of a habitation in 1986; and (3) burglary of a habitation in 1993. (*See* doc. 29-1 at ¶¶ 32, 43, 45, 48; doc. 42-1 at ¶ 32.) His sentence enhancement was not based on any state possession of a firearm conviction. (*See* doc. 29-1 at ¶¶

6

32, 37-50; doc. 42-1 at ¶ 32.)  His § 2255 motion is therefore liberally construed as challenging the use of the three burglary convictions as ACCA predicates under *Johnson*.

The ACCA defines a "violent felony" for purposes of a sentence enhancement as a "'crime punishable by imprisonment for a term exceeding one year' that: (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another' ('the elements clause'); (2) 'is burglary, arson, or extortion, [or] involves [the] use of explosives' ('the enumerated offenses clause'); or (3) 'otherwise involves conduct that presents a serious potential risk of physical injury to another' ('the residual clause')." *United States v. Medina*, 800 F. App'x 223, 225 (5th Cir. 2020) (quoting 18 U.S.C. § 924(e)(2)(B)).  *Johnson* held that the residual clause was unconstitutional, but it expressly did "not call into question application of the [ACCA] to the four enumerated offenses," which include burglary, "or the remainder of the [ACCA's] definition of a violent felony."[3]  *Johnson*, 576 U.S. at 606.  Under the enumerated offenses clause, the "Supreme Court has interpreted burglary in § 924(e) in terms of its modern 'generic' usage." *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990) (requiring that the state burglary statute contain at least the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.")).  The Fifth Circuit has found that all three provisions of the Texas burglary statute constitute generic burglary for purposes of the enumerated offenses clause of the ACCA.[4]

---

[3] After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person of another'[.]" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017).

[4] Under the Texas burglary statute,

    (a) A person commits an offense if, without the effective consent of the owner, the person:
        (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
        (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
        (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

*See United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019), cert. denied, 141 S. Ct. 273 (2020).

Because Movant's three prior convictions under the Texas burglary statute constitute generic burglary under the enumerated offenses clause of the ACCA, they qualify as predicates for a sentence enhancement under the ACCA, even post-*Johnson*. Because he has failed to show any sentence error or prejudice under *Johnson*, he is not entitled to § 2255 relief even if his motion is timely, so his claim should be denied.[5]

## V. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See id.* Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 30, 2016 (doc. 2), should be **DENIED** with prejudice.

---

Tex. Pen. Code § 30.02(a).

[5] In his reply, Movant appears to rely on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019) to support his claim for habeas relief. (*See* No. 3:16-CV-1910-L-BH, doc. 29 at 6-12.) In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. Because Movant was not convicted of an offense under § 924(c), *Davis* is inapplicable to his case, and he is not entitled to § 2255 relief based on its holding. (*See* docs. 1, 44.)

**SIGNED this 10th day of November, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE